

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2007

# Johnson v. Keebler-Sunshine

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3219

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Johnson v. Keebler-Sunshine" (2007). *2007 Decisions.* Paper 1731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3219
_____

DAVID M. JOHNSON,
Appellant

v.

KEEBLER-SUNSHINE BISCUITS, INC.,
a/k/a THE KEEBLER COMPANY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 00-cv-02055)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
January 3, 2007

Before: RENDELL, COWEN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed  January 29, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

        This is an appeal from the District Court's grant of summary judgment in

favor of Keebler-Sunshine Biscuits, Inc. ("Keebler-Sunshine") on David Johnson's claim

that Keebler-Sunshine transferred him to a different position in violation of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Johnson is an African-American male. Johnson asserted that Keebler-Sunshine discriminated against him on the basis of his color, race and sex. We will affirm, albeit for different reasons than held by the District Court. See Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983)(stating an appellate court can affirm an order of the District Court based upon different reasons if the record supports the judgment).

## I.

Keebler-Sunshine operated a plant which produced cookies, biscuits and crackers in Sayreville, New Jersey. Johnson started his employment with Keebler-Sunshine in 1989 in the baking and mixing department. Virginia Ramer, a Caucasian woman, began her employment with Keebler-Sunshine in 1981. From approximately 1987 to 1992, Ramer held the pesticide control position. In 1992, Ramer began a different position and Keebler-Sunshine offered the pesticide control position to Johnson. Johnson accepted and began training with Ramer. Johnson held the pesticide control position until 1997. In December 1996, the plant temporarily closed for maintenance. During this time, many employees (including Johnson) were placed on layoff status. On or about January 6, 1997, Keebler-Sunshine reopened the plant. After the plant was reopened, approximately 160 employees were not retained. Additionally, Johnson was one of about seven employees "bumped" from his position by co-workers who had greater plant seniority. Ramer replaced Johnson in the pesticide control position.

Keebler-Sunshine transferred Johnson to a "sanitor/machine cleaner" position. Johnson worked in various positions within the plant until the plant was closed down permanently in 1999.

In April 2000, Johnson filed his complaint in the District Court. Specifically, Johnson asserted that his transfer from the pesticide control position to the "sanitor/machine cleaner" position was based on his race, color and sex. After the close of discovery, Keebler-Sunshine successfully moved for summary judgment. Specifically, the District Court determined that Johnson failed to show a prima facie case because he did not establish an inference of discrimination. Johnson timely filed a notice of appeal.

II.

We review the grant of summary judgment de novo. See McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. KMart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Fed. R. Civ. P. 56(c).

III.

Claims of discrimination under Title VII are analyzed under the burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). In order to show a prima facie case of racial discrimination, a plaintiff must illustrate that: (1) he is a member of a protected class; (2) he was qualified for the

3

position he held; (3) he suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999). If a plaintiff establishes a prima facie case, the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment decision. See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000)(citing Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-56 (1981)). If the defendant meets this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination. See Jones, 198 F.3d at 410 (citing Burdine, 450 U.S. at 252-53). In order to show pretext, a plaintiff must submit evidence which: (1) casts doubt on the legitimate reason proffered by the employer such that a factfinder could reasonably conclude that the reason was a fabrication; or (2) allow the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the employee's termination. See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). "The non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." Id. (internal quotation marks and citations omitted).

We agree with the District Court that Johnson satisfied the first three

elements of establishing a prima facie case.[1]  However, we disagree with the District

Court's conclusion that Johnson failed to show an inference of discrimination.  The

parties agree that Johnson was replaced by Ramer, a Caucasian woman.  While this Court

no longer requires a plaintiff to show that he was replaced by someone outside of the

protected class to establish an inference of discrimination, see Pivirotto v. Innovative

Sys., Inc., 191 F.3d 344, 347 (3d Cir. 1999), we find that this evidence establishes the

fourth and final element of a prima facie case in this case.  See Wright v. Murray Guard,

Inc., 455 F.3d 702, 707 (6th Cir. 2006)(stating that a plaintiff establishes the fourth

element of a prima facie case if he was replaced by someone outside the protected class or

was treated differently than similarly-situated, non-protected employees); Maynard v. Bd.

of Regents of Div. of Univs. of Fl. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir.

2003)(same); Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir.

2001)(stating that "the mere fact that a plaintiff was replaced by someone outside the

protected class will suffice for the required inference of discrimination at the prima facie

stage of the Title VII analysis").  Therefore, Johnson established a prima facie case.

Next, Keebler-Sunshine came forward with a legitimate non-discriminatory

---

[1] Keebler-Sunshine contested whether Johnson's transfer constituted an adverse employment action in the District Court.  However, in its appellate brief, Keebler-Sunshine does not contest the District Court's finding that the transfer constituted an adverse employment action.  Therefore, this argument is deemed waived.  See In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003)(stating that failure to identify or argue an issue in an opening brief constitutes waiver of the argument on appeal).

reason for transferring Johnson from the pesticide control position.  See e.g., Woodson v. Scott Paper Co., 109 F.3d 913, 920 n.2 (3d Cir. 1997)(noting that the defendant's burden at this stage is relatively light and that it is satisfied if the defendant articulates a legitimate reason for the adverse employment action).  Keebler-Sunshine stated that Johnson was "bumped" from the pesticide control position by Ramer because she had more plant seniority and could perform the job.  Indeed, the Collective Bargaining Agreement between Johnson's union and Keebler-Sunshine provides that in the event of a layoff, an employee may "bump" another employee out of a position as long as she has greater seniority and has the ability to perform the work.

Because Keebler-Sunshine came forward with a legitimate non-discriminatory reason for the transfer, Johnson must show that this reason was pretextual.  Johnson fails to establish a material issue of fact that Keebler-Sunshine's legitimate non-discriminatory reason for the transfer was pretextual.  Specifically, Ramer had more plant seniority than Johnson.  Additionally, Keebler-Sunshine previously employed Ramer in the pesticide control position and she had the ability to perform the work of the position.

IV.

We have considered all the arguments and find that Johnson failed to create a material issue of fact regarding whether Keebler-Sunshine's legitimate non-discriminatory reason for the transfer was pretextual.  Accordingly, we will affirm the grant of summary judgment in favor of Keebler-Sunshine.

6